**ELIZABETHTOWN WATER COMPANY, Plaintiff,**

v.

**HARTFORD CASUALTY INSURANCE COMPANY, Defendant.**

**Civil Action No. 95–3326.**

United States District Court, D. New Jersey.

Aug. 19, 1998.

Carl R. Woodward, III, Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, Roseland, NJ, for Plaintiff.

Wendy Lee Mager, Smith, Stratton, Wise, Heher & Brennen, Princeton, NJ, for Defendant.

## OPINION

WOLIN, District Judge.

On August 3, 1998, this Court issued an Opinion and Order granting Elizabethtown Water Company's ("Elizabethtown"), plaintiff, motion for summary judgment on the issue that Centennial Insurance Company ("Centennial"), defendant, waived its right to rely on certain exclusions because it did not raise them until a late stage in the litigation. The Court did, however, concede that it would have granted summary judgment in favor of Centennial if the exclusions had been raised earlier in the litigation or when Hartford Insurance Company ("Hartford") raised similar exclusions in its policies. Centennial now requests the Court to issue an interlocutory order pursuant to 28 U.S.C. § 1292(b) and Rule 5 of the Federal Rules of Appellate Practice so that it can appeal the Court's decision to the Third Circuit Court of Appeals. Centennial also moves for reargument on the grounds that the Court misstated the procedural history.

## I. Interlocutory Appeal

■ Twenty-eight U.S.C. § 1292(b) provides:

> When a district judge ... shall be of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

If a district court believes that a substantial ground for difference of opinion exists as to a controlling question of law, it must amend its order, and the Court of Appeals ultimately decides whether to permit the appeal. "The clear case of a controlling question of law [is] one which would result in a reversal of a judgment after final hearing." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (en banc), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). The purpose behind § 1292(b) is "to allow for early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the litigation." *Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir.1981).

Centennial asserts that a substantial ground for a difference of opinion exists concerning this Court's holding on the issue of waiver. Centennial's first point of contention is the Court's interpretation of *Merchants Indemnity Corp. v. Eggleston*, 37 N.J. 114, 129, 179 A.2d 505 (1962), in which the New Jersey Supreme Court articulated the difference between using the doctrines of estoppel and waiver in insurance cases. This Court noted: "The New Jersey Supreme Court's statement that waiver does not apply to a policy that does not cover the loss implicates the general liability provisions rather than exclusions." Centennial disagrees with that statement of the law, asserts that no authority exists for that position, and concludes that an insurer cannot waive an exclusion because the policy does not cover losses that exclusions bar. Centennial adds that the cases

that this Court relied on in rendering its decision invoked waiver where the insured failed to perform an obligation, e.g., did not raise the defense of notice in its disclaimer letters. Lastly, Centennial argues that the Court's decision is contrary to *Greenberg & Covitz v. National Union Fire Insurance Co.,* 312 N.J.Super. 251, 711 A.2d 909 (App. Div.1998), where the Appellate Division held that it would not invoke waiver to bar the defendant's reliance on an exclusion not initially raised because that would be tantamount to enlarging coverage.

Although the Court disagrees with Centennial's interpretation of when the doctrine of waiver can be invoked to bar an insurer's reliance on an exclusion, the Court will amend its order and certify the issue for appeal. The Appellate Division's recent decision in *Greenberg* creates a substantial ground of difference on a controlling issue of law with this Court's decision of August 3, 1998, because the two cases are inconsistent. The facts that the New Jersey Supreme Court has not spoken on the issue and that the Appellate Division disagrees with this Court's view and its sister court's decision in *Continental Insurance Co. v. Beecham,* 836 F.Supp. 1027 (D.N.J.1993), makes this case ripe for review by the Third Circuit. The Court, however, believes that its distinguishment of *Greenberg,* its reliance on its sister court's decision in *Beecham, Greenberg's* erroneous reliance on *Goldberg v. Commercial Union Insurance Co.,* 78 N.J.Super. 183, 188 A.2d 188 (App.Div.1963), and this Court's view of waiver will be grounds for an affirmance. Nonetheless, this Court will follow the dictates of § 1292(b) because if the Court does not certify the issue, and Centennial loses at trial and the Third Circuit ultimately disagrees with and reverses this Court, then the Court will have wasted valuable judicial resources on this case. Thus, the Court will amend its order and certify the issue.

■ Centennial correctly states that the question of waiver in New Jersey is generally one of fact that should not be decided on motions for summary judgment. Centennial asserts that this Court should not have decided this case on summary judgment because reasonable minds could disagree on whether it intentionally relinquished a known right. In fact, it contends that Magistrate Judge Pisano and it agreed that its separate defense 18 encompassed the "contract liability" exclusions. Thus, it concludes that reasonable minds disagreed on the facts of this issue.

The Court disagrees with Centennial on this issue. As the Court noted in its Opinion, separate defense 18 contained the same language as Exclusion (a)(1), which dealt with the assumption of liability for incidental contracts. The defense did not contain any of the language contained in Exclusion (m)(1) in the CGL Policy or Exclusion (h)(1) in the Umbrella Policy. Once again, those exclusions involved the lack of or delay in the performance of a contract. Thus, the Court maintains the view that separate defense 18 did not place Elizabethtown on notice, and finds that Judge Pisano misinterpreted the defense. The Court also reiterates its finding that Centennial did not raise the "contract liability" exclusions until the end of March or early April 1998, which was after the Court rendered a favorable ruling for Hartford on the same issue. Therefore, the Court will not certify the appeal on this issue.

## II. Reargument

■ Local Rule 7.1(g) contains the standard to be applied to motions for reargument, and requires that the moving party "set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." The Rule "does not contemplate a Court looking to matters which were not originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F.Supp. 159, 162 (D.N.J.1988). Thus, a party "must show more than a disagreement with the court's decision." *Panna v. Firstrust Savings Bank,* 760 F.Supp. 432, 435 (D.N.J.1991). A mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Carteret Savings Bank, F.A. v. Shushan,* 721 F.Supp. 705, 709 (D.N.J.1989), *appeal dismissed,* 919 F.2d 225 (3d Cir.1990), *cert. denied,* 506 U.S. 817, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992).

■ Further, there is a strong policy against entertaining reargument motions based on evidence that was readily available at the time that the original motion was heard; the court may, in its discretion, refuse to consider such evidence. *See Florham Park Chevron*, 680 F.Supp. at 162–63. Nevertheless, if the court finds that its consideration of evidence offered for the first time on a motion for reargument may lead to a different result than was reached originally, the court has discretion to consider that evidence. *See Panna*, 760 F.Supp. at 435.

■ Centennial's main contention on its motion for reargument is that the Court misconstrued the procedural history of this case, and thus erred when it stated that "[i]nsurers have a duty to notify insureds of the exclusions they plan to use before discovery is complete and before the deadline for dispositive motions is reached." Centennial argues that the Court mistakenly found that the parties had not completed discovery, and that Judge Pisano did not set a deadline for all motions or discovery, or a date for trial. Centennial also claims that it reserved the "contract liability" exclusions because it believed that they were one of the factual defenses.

Although Centennial is correct that discovery was not complete at the time this Court entered summary judgment for Hartford on March 27, 1998, it is incorrect regarding the deadline for dispositive motions and the trial date. First, Judge Pisano issued an Order on November 3, 1997, in which he stated that "[a]ll summary judgment motions or dispositive motions are to be returnable on February 9, 1998," which Judge Pisano later extended twice. Second, this Court, and not Judge Pisano, imposed the trial date of May 5, 1998, after its ruling on March 28, 1998, because it wanted to move the case to trial. The Court imposed that date because it believed that five weeks gave the parties enough time to prepare for trial. At that time, the Court was not aware that discovery was incomplete, but that is not dispositive because five weeks is an ample amount of time to take depositions and have experts provide their reports and be deposed.

In its last Opinion, the Court found that Centennial waived the exclusions because Centennial raised them after the deadline for dispositive motions, one month prior to this Court's trial date, and after discovery was complete. Centennial has now shown the Court that discovery was not complete at the time it raised the exclusions. Although the Court recognizes its misperception of the procedural history, it will not alter its prior Opinion because the paramount factor in its decision was the fact that Centennial did not raise the exclusions timely, i.e., raised the exclusions at a very late stage in the litigation. In fact, Centennial raised the exclusions five years after learning about the underlying suit and approximately two and one-half years after receiving Elizabethtown's Complaint. Moreover, Judge Pisano found Centennial's failure to raise the exclusions prior to the deadline for dispositive motions to be grounds for sanctions because Elizabethtown had to prepare for and respond to an extra motion. Lastly, Centennial would have used the new discovery for defenses that it had already raised, not to establish new defenses, because it would have been too late to raise new defenses. Thus, the Court will not permit reargument despite its mistake in reciting the procedural history because the mistake does not alter the outcome of the case.

## CONCLUSION

For the reasons stated *supra*, the Court will amend its order of August 3, 1998, and will certify that an immediate appeal of the issue of waiver "may materially advance the ultimate termination of the litigation." The Court will not, however, permit reargument on the procedural history of the case.

An appropriate Order is attached.

## *ORDER*

ORDERED that the Order of this Court dated August 3, 1998, is amended to certify that an immediate appeal of the issue of waiver "may materially advance the ultimate termination of the litigation;" and it is further

ORDERED that defendant Centennial Insurance Co.'s motion for reargument on the procedural history of the case is denied.